CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 2 3 2013

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PHILIP A. CHARLES ) | |
| And ) | |
| ) | CIVIL ACTION NO. 5:13CV00120 |
| DAVID M. ELLINGER ) | TRIAL BY JURY DEMANDED |
| Plaintiffs, ) | |
| v. ) | |
| FRONT ROYAL VOLUNTEER FIRE ) | |
| AND RESCUE DEPARTMENT, Inc. ) | |
| And ) | |
| DAVID SANTMYERS, in his official capacity ) | |
| as President of the Department and ) | |
| in his individual capacity, ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Philip A. Charles and David M. Ellinger, by Counsel, pursuant to State and Federal law, file this Complaint against the Defendants Front Royal Volunteer Fire and Rescue Department, Inc. ("FRVFD" or "Department") and David Santmyers, in his personal and official capacity as President of the Department, and allege as follows:

### Preliminary Statement

1. Plaintiffs, who are or were members and officers of the Department during the times pertinent to this Complaint, were wrongfully removed from their positions and defamed for expressing constitutionally protected speech in violation of the First and Fourteenth Amendments of the United States Constitution and the Virginia Constitution.

2. Plaintiffs seek injunctive and declaratory relief against the Defendants under Count One for violation of the Plaintiffs' constitutional rights to free speech and due process under 42 USC § 1983.

3. Plaintiffs seek injunctive and declaratory relief under Count Two against the Defendant Department for its Ultra Vires actions under VA Code § 13.1-828.

4. Plaintiff David M. Ellinger seeks declaratory relief under Count Three for the defamation committed by the Defendants.

## Jurisdiction and Venue

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the case arises under the Constitution and Federal Law. The Plaintiffs also ask this Court to take supplemental jurisdiction over any state claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b).

7. Personal jurisdiction is proper pursuant to VA Code § 8.01-328.1 and the First and Fourteenth Amendments of the United States Constitution.

## Parties

8. Plaintiff Philip A. Charles is a resident of Warren County and is a former member of the Department who served as the Secretary of the Corporation and was removed as a member on June 6, 2013.

9. Plaintiff David M. Ellinger ("Mike") is a resident of Warren County and a member of the Department who served as Treasurer of the Corporation until he was forced to resign as Treasurer on June 18, 2013.

10. Defendant Front Royal Volunteer Fire and Rescue Department, Inc. is a non-stock corporation organized in the Commonwealth of Virginia. The Department is recognized as an

"integral part of the official safety program of the County" (Warren County Code § 50-1) and is "deemed an instrumentality of the county…or town" pursuant to VA Code § 27-23.6(B.). As such, the Department is a State Actor. The Department's Registered Agent is J. Daniel Pond II, and its official address is 35 N Royal Ave, Front Royal, VA 22630.

11. Defendant David Santmyers has served as the President of the Department at all times pertinent to the allegations in this Complaint. Defendant is primarily responsible for the wrongful actions taken by the Department. His address is 3470 Mountain Rd., Front Royal, VA 22630.

## Statement of Facts

12. Plaintiff Philip Charles has served as a career or volunteer fireman for the last 57 years without incident. In 1998, he moved to Front Royal, Virginia and began volunteering with the local Department in 1999. After serving the Department faithfully, Philip was voted on to the Board of Directors to serve as Secretary of the Corporation on December 3, 2010.

13. Plaintiff Mike Ellinger is currently a Deputy Sheriff in Frederick County; he has served as a volunteer fireman with the Department since 2002. He was elected to the Board of Directors of the Department and made Treasurer on December 3, 2010. He served without incident as a Member and Treasurer until this year.

14. The Department is one of several companies established under the Warren County Department of Fire and Rescue Services. Warren County Code § 18.2. The Department utilizes career staff and volunteers to operate and receives its primary funding through the County.

15. Over the past ten years, the Department has been reduced from three fire engines and one ladder truck to one fire engine and one ladder. Beginning around 2011, the County began to significantly cut funding to and substantially reduce the assets of the Department.

16. The Plaintiffs, who are also residents of Warren County, were concerned that the reduction in resources was causing the Department to be ill-prepared to handle the volume of fire hazards present in the Town and the County.

17. Additionally, as tax-paying citizens the Plaintiffs were particularly concerned with a program known as the "Cost-Recovery Program," whereby the County began charging for use of the Department's ambulances and emergency medical service vehicles and would reimburse some of the funds to the Department. The Program began in 2006 and every year from its inception the County seemed to return less and less money to the Department from that raised by the Program, even though the County was using the Department's two ambulances and emergency medical service vehicles.

18. Plaintiffs began to raise their increasing concerns about the funding of the Department but met staunch resistance from some of the other members of the Board and especially the President, Defendant Santmyers, who basically attempted to silence dissenting voices. Due to the harsh reaction of the Board and the President, Philip resigned from his secretary position during the summer of 2012.

19. In March of 2013, Philip spoke to and invited a reporter from the local newspaper to attend a public meeting of the Department where funding of the Department, particularly as it related to the placing of another fire engine up for sale due to the County's unwillingness to fund the fuel necessary for the fire engine to operate.

20. Additionally, at about this time Philip also talked to a member of the Town Council for Front Royal about the lack of funding and the concomitant discarding of resources being experienced by the Department.

21.     Philip, with Mike's assistance, also sent a FOIA request to the County seeking records related to the Cost Recovery Program; they wanted to examine the numbers for themselves to ensure the Department was receiving its fair share of compensation.

22.     In response to these actions, the Department led by Defendant Santmyers removed Philip from membership in the organization. **Exhibit 1**, 5/3/13 Letter. The Department biased the vote against Philip by trumping up false charges, not following its procedures (*see* Count II *infra*) and, upon information and belief, even including non-voting members among those who voted for his removal

23.     In addition to providing him assistance in seeking the information related to the above issues, Plaintiff Mike Ellinger spoke up against the treatment of Philip, even noting in writing that the Department's actions were unconstitutional. Mike felt forced to resign his office of Treasurer because of the inappropriate Board actions. **Exhibit 2**, 6/18/13 Letter.

24.     In response to his June 18, 2013 letter, Defendant Santmyers suspended Mike from the membership for sixty days.[1] Defendant Santmyers also raised numerous baseless allegations against Mike impugning his character and alleging he had committed fraud while acting as the Treasurer.

25.     Santmyers went so far as to mail the false allegations to Mike's employer, the Sheriff of Frederick County, in a clear attempt to defame Mike and cost him his job.

26.     Despite numerous opportunities to have a vote on Mike's membership status, the Department has just continued the suspension indefinitely.

## Count I – Violation of 42 USC § 1983

27.     Paragraphs 1–26 are herein incorporated by reference.

---

[1] A pre-textual reason, the failure to pay a bill and show up for a meeting, was proffered as the reason for the suspension.

28. As an instrumentality of the County, the Department is a state actor. As such, the Department cannot curtail the constitutional rights of its members; among those rights are the right to free speech and due process.

### A. Plaintiffs Rights to Free Speech Were Violated

29. Plaintiffs sought information and spoke out on matters of public concern, including, but not limited to: the continued reduction of the resources of the Department's fire and rescue services; the safety of its members; the lack of funding due to the Department under the Cost-Recovery program and other public safety issues.

30. The right of the Plaintiffs to speak out freely on these and other matters of public concern is protected by the First and Fourteenth Amendments of the US Constitution and Article I, Section 12 of the Virginia Constitution.

31. The public has a vital interest in free and open discussion on issues of public importance.

32. For speaking out on the above issues of public importance, seeking to bring news media to cover the issues, and sending FOIA requests to discover the pertinent information, Philip was harassed, denounced, and eventually forced out of membership.

33. Similarly, for speaking out on the above issues of public importance, speaking against the treatment of Philip and assisting with the FOIA requests to discover the pertinent information, Mike was harassed, denounced, forced to resign as Treasurer, defamed, and had his membership suspended indefinitely.

34. The retaliation undertaken by the Department and Defendant Santmyers was directly and proximately related to the exercise of the Plaintiffs' rights to free speech. Defendant

Santmyers knew or should have known that his actions were in violation of Plaintiffs' constitutional rights.

35.     As a result of the retaliatory actions of Defendants, the Plaintiffs have been stripped of the powers, rights, benefits, and obligations provided to members of the Department, have been harmed in their reputations, had to incur out of pocket expenses for defense of their reputations, and have suffered mental and emotional anguish.

**B. Plaintiffs' Rights to Due Process Were Violated**

36.     Under the Fifth and Fourteenth Amendments to the US Constitution, Plaintiffs had a liberty and property interest in their continued service with the Department.

37.     The allegations made against Philip in conjunction with his termination were a stigma to his reputation as a sterling volunteer fireman, were made public by the Department and Santmyers, and were false.

38.     The allegations made against Mike in conjunction with his indefinite suspension were defamatory to his character and were a stigma to his reputation, were specifically made public by letter to Mike's employer from the Department and Defendant Santmyers, and were false.

39.     Because removal from membership could only be "for cause" and pursuant to law (*see*, **Exhibit 3,** Bylaws), Plaintiffs had an expectation of future employment with the Department, and, therefore, had a property interest in their continued service with the Department.

40.     The Department failed to provide Philip due process by their gross failure to follow their governing documents, perpetration of false methods, and failure to hold a fair hearing to remove him from Membership. *See* Count II *infra*.

41. Similarly, the Department failed to provide Mike due process by their indefinite suspension of his membership without a hearing, which is also in derivation of the Department's governing documents.

42. Plaintiffs have lost or will lose the benefit of a state tax exemption provided to volunteer firepersons; provision of a car decal; the use of the fire facilities; and similar related benefits. Due to his constructive termination from the position of Treasurer, Mike has also lost the $300.00 annual compensation provided for service in that role.

43. As a result of the wrongful actions of Defendants, the Plaintiffs have also been harmed in their reputations, had to incur out of pocket expenses for defense of their reputations, and have suffered mental and emotional anguish.

**WHEREFORE**, Plaintiffs respectfully request the following relief under Count I:

a) Order that Plaintiffs be reinstated to their positions as Members with the Department retroactive to the time of removal;

b) Award compensatory damages against each Defendant, jointly and severally, to compensate the Plaintiffs for the harms suffered in an amount to be determined at trial;

c) Award punitive damages where available;

d) Award attorney fees, expert fees, and any other costs pursuant to 42 USC § 1988 in an amount to be determined by the Court;

e) Award pre-judgment interest from the date of the violations on the damages; and

f) Grant such further relief as deemed just and appropriate by this Court.

### Count II – Ultra Vires Action

44. Paragraphs 1–43 are herein incorporated by reference.

45. The Defendant Department has acted inconsistent with its governing documents in the following ways:

   a. For Philip, it appears no valid petition or "Complaint" under Article 6, Section 1 and 2 of the Department's Bylaws (*Exhibit 3*), was ever filed related to the reasons for his removal from membership.

   b. Additionally, the reasons given for Philip's termination (*see, supra, Exhibit 1*) are not valid reasons for removal under Article 6, Section 1.

   c. Philip was not "requested to be present at" nor given "a disciplinary hearing" at a Board of Directors meeting where he could provide a defense. Article 6, Section 2 and 4.

   d. Before making its decision, the Board did not hear any "testimony or evidence" from Philip. Article 6, Section 6.

   e. Upon information and belief, many of the "members" voting to expel Philip were probationary members under Article 1, Section 4 and should not have been allowed to vote at the meeting.

   f. As to Mike, the Board, apparently, has followed none of the required procedures to expel him from Membership. Moreover, the President only has the right to suspend a member for a period "not to exceed thirty (30) days," which has not been followed. Article 6, Section 9.

46. VA Code § 13.1-828 allows a Member[2] of a non-stock organization to challenge an act inconsistent with the corporation's governing documents because that is an unauthorized act for the Corporation.

47. The above actions are all unauthorized and should be enjoined or set aside.

---

[2] Here, Mike is still a Member.

48.  Since the unauthorized actions should be void, Philip and Mike should be returned to their position as Members in good standing and should be awarded all damages suffered because of the wrongful actions, including all costs, especially attorney fees, for seeking to enjoin the unauthorized acts.

**WHEREFORE**, Plaintiffs respectfully request the following relief under Count II:

a. Order that Plaintiffs be reinstated to their positions as Members with the Department retroactive to the time of removal;

b. Award compensatory damages against the Defendant Department to compensate the Plaintiffs for the harms suffered in an amount to be determined at trial;

c. Award attorney fees, expert fees, and all other related costs in an amount to be determined by the Court;

d. Award pre-judgment interest from the date of the violations on the damages; and

e. Grant such further relief as deemed just and appropriate by this Court.

## Count III – Defamation

49.  Paragraphs 1–48 are herein incorporated by reference.

50.  Mike's full time job is as a Frederick County Sheriff Deputy, where he has served in exemplary fashion for 13 years.

51.  As further retaliation for exercising his free speech rights, the Department through Defendant Santmyers sent a libelous letter to Mike's employer, the Frederick County Sheriff, seeking to malign Mike and have him terminated from his job.

52.  The letter in its entirety is an act of slander, attached as *Exhibit 4*, but it contains two primary factual misrepresentations.

53. First, Paragraph No. 6 alleges that Mike sent a "false document" to wrongfully receive free paint for his own benefit. The truth, however, is that Mike did not send a letter on the Department's letterhead nor was the donation for his personal gain. Instead, the paint was sought by another owner of the fire truck and was for the benefit of the Department. This issue was raised in 2012 and, to Defendant Santmyers knowledge at that time, **Mike was exonerated of all wrongdoing**.

54. Second, Paragraph No. 9, alleges that Mike was surreptitiously trying to damage the Department's apparatus by "trying to trick the staff to using" a different grade of oil. The allegation is wholly false and was known to be false by Defendant Santmyers.

55. Defendants above two statements make out a case for defamation per se because the false allegations: (1) impute that Mike committed a criminal offense involving moral turpitude (e.g., theft or embezzlement of paint), for which he could be indicted and punished; (2) impute that Mike is unfit or lacks the integrity to perform the duties of a Sheriff; and/or (3) prejudice Mike in his profession or trade.

56. In the alternative, the above statements make out a case of common law defamation because Defendants intentionally published these false factual statements; they concern and have harmed Mike's reputation; Defendants knew the statements were false, or lacked a reasonable basis to belief otherwise; and the defamatory statements had an obvious substantial danger to Mike's reputation.

57. Because Mike is a Sheriff Deputy, his Sheriff conducted an investigation of the allegations and Mike was forced to hire legal counsel to defend himself. The allegations were ultimately found baseless by the Sheriff and the investigation was dismissed.

58. As a direct and proximate cause of Defendant's defamatory actions, Mike has been damaged by an injury to his reputation, humiliation, embarrassment, and financial loss in hiring defense counsel.

**WHEREFORE**, Plaintiff Mike Ellinger, respectfully requests the following relief under Count III:

    a. Award compensatory damages against each Defendant, jointly and severally, to compensate the Plaintiff for the harms suffered in an amount to be determined at trial;

    b. Award punitive damages against Defendants for their intentional wrongdoing;

    c. Award costs in an amount to be determined by the Court;

    d. Award pre-judgment interest from the date of the violations on the damages; and

    e. Grant such further relief as deemed just and appropriate by this Court.

Respectfully submitted,

/s/ Timothy P. Bosson
Timothy P. Bosson, Esq. (VSB No. 72746)
H. Robert Showers, Esq. (VSB No. 34799)
Caleb A. Kershner (VSB No. 72175)
Daniel Hebda (VSB No. 82209)
Simms Showers, LLP
305 Harrison Street SE, Third Floor
Leesburg, VA 20175
(703) 771-4671-phone
(703) 771-4681-facsimile
tpb@simmsshowerslaw.com
hrs@simmsshowerslaw.com
cak@simmsshowerslaw.com
djhebda@simmsshowerslaw.com