# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| PHILIP A. CHARLES, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 5:13cv00120 |
| ) | |
| v. ) | |
| ) | |
| FRONT ROYAL VOLUNTEER FIRE AND ) | By: Hon. Michael F. Urbanski |
| RESCUE DEPARTMENT, INC., et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

## MEMORADUM OPINION

This matter is before the court on defendants Front Royal Volunteer Fire and Rescue Department, Inc., ("the Fire Department") and David Santmyers' ("Santmyers") motion to dismiss, in part, the claims of plaintiffs Philip A. Charles ("Charles") and David M. Ellinger ("Ellinger"). Dkt. No. 5. In their complaint, plaintiffs allege violations of the Free Speech Clause of the 1st Amendment and the Due Process Clause of the 14th Amendment (Count I), ultra vires actions on the part of the Fire Department (Count II), and defamation of Ellinger by Santmyers (Count III). In their motion, defendants assert that the due process claims of Count I, Charles' claim under Count II, Ellinger claims for non-injunctive relief under Count II, and all of Count III should be dismissed. For the reasons stated herein, the court will **GRANT in part** and **DENY in part** defendants' motion. Specifically, the court will dismiss the due process claims of Count I, but will grant plaintiff Ellinger's leave to amend his due process claims based on a protected property interest. The court will also dismiss Charles' claim under Count II. The remainder of defendants' motion shall be denied.

**I.**

The facts alleged in the complaint are as follows: the Fire Department is a Virginia non-stock corporation organized in the Commonwealth of Virginia and a state actor. Santmyers is the President of the Fire Department. Charles was a member of the Fire Department and also served as the Secretary of the Corporation. Ellinger is a member of the Fire Department and also served as Treasurer. The complaint specifically alleges that members can only be removed "for cause." Compl., Dkt. No. 1, at ¶ 39. Additionally, as members, both plaintiffs were entitled to certain benefits: an unspecified tax exemption provided to volunteer firepersons, a car decal, the use of Fire Department facilities, and "similar related benefits." As Treasurer, Ellinger was entitled to an additional benefit of $300 in annual compensation. Id. at ¶ 42.

Beginning in 2011, plaintiffs became concerned about reductions in Fire Department resources. They were particularly concerned with a "Cost-Recovery Program," which was designed to allow Warren County to recover funds for use of Fire Department resources. The Fire Department was supposed to receive a share of those funds, and plaintiffs grew concerned that the Fire Department was not receiving its "fair share of compensation." Id. at ¶¶ 17, 21. When plaintiffs raised these concerns, they faced "staunch resistance" from some other Board members, including President Santmyers. "Due to the harsh reaction of the Board and the President, [Charles] resigned from his secretary position during the summer of 2012." Id. at ¶ 18. In March 2013, Charles invited a local newspaper reporter to attend a public meeting of the Fire Department, at which the funding and resources situation of the Department were discussed. At about the same time, Charles approached a member of the Front Royal Town Council, again raising the issue of lack of funding and the concomitant inadequacy of Fire Department resources. Additionally, Charles, with Ellinger's assistance, directed a Freedom of Information of Request to Warren County seeking information related to the Cost Recovery Program.

Plaintiffs allege that, in response to these actions, the Fire Department and President Santmyers removed Charles as a member. Plaintiffs further allege that the removal was based on "trump[ed] up false charges" and was not done in conformity with the Fire Department's bylaws. Id. at ¶ 22. Ellinger sent a letter to the Board on June 18, 2013, outlining his opposition to Charles' removal and resigned as Treasurer. He alleges that he "felt forced to resign his office of Treasurer because of the inappropriate Board actions." Id. at ¶ 23. Plaintiffs further allege that, in response to this letter, Ellinger was suspended from membership for sixty days and that the suspension coincided with "numerous baseless allegations" against Ellinger. Id. at ¶ 24. Moreover, plaintiffs allege that the Fire Department has simply "continued the suspension indefinitely" despite "numerous opportunities to have a vote on [his] membership status" in violation of the Fire Department's governing documents. Compl., Dkt. No. 1, at ¶¶ 26, 41.

Finally, plaintiffs allege that Santmyers sent a letter to Ellinger's employer, the Sheriff of Fredrick County, in a "clear attempt to defame [him] and cost him his job." Id. at ¶ 25. Specifically, plaintiffs claims that Santmyers knowingly made false statements as to Ellinger acquiring free paint for his personal use under false pretenses and attempting to "trick the staff" as to the grade of oil to be used in "the Department's apparatus." Id. at ¶¶ 53-54.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff's well-plead factual allegations, while assumed to be true, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997), "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 570. "[Additionally], the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. At end, the complaint must contain sufficient facts from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has shown that he is entitled to relief. Id. at 679; Fed. R. Civ. P. 8(a).

### III.

Defendants concede that Charles and Ellinger have adequately pled their claims for violations of the First Amendment under Count I, but assert that neither has an actionable due process claim. Charles agrees, conceding that he has no due process claim. See Resp. in Opp'n re Mot. to Dismiss, Dkt. No. 11, at 2 ("Plaintiff Charles will voluntarily withdraw his claim for a Due Process violation."). Ellinger disagrees, claiming that he has been denied procedural due process as to a protected property interest, i.e., his Fire Department membership. As to Count II, defendants assert that Charles lacks "standing" to bring an ultra vires claim and that Ellinger's claim should be limited exclusively to injunctive relief. Finally, defendants assert that Ellinger has failed to state claim for defamation in Count III that would be not barred by qualified privilege and ask the court to dismiss Ellinger's request for punitive damages. The court will address each issue in turn.

**A. Due Process**

The Due Process Clause of the Fourteenth Amendment protects three kinds of rights. "First, the Clause incorporates many of the specific protections defined in the Bill of Rights." Zinermon v. Burch, 494 U.S. 113, 125 (1990). "Second, the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" Id. (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Finally, the Due Process Clause also encompasses "a guarantee of fair procedure," id., referred to as procedural due process rights. See, e.g., Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1460 (4th Cir. 1990) (noting the procedural due process rights guaranteed under the Fourteenth

Amendment). To state claim for a violation of procedural due process as to a protected property interest, as Ellinger purports to do here, a plaintiff must demonstrate: (1) that he has a valid property interest; (2) of which the state deprived him; (3) without due process of law. Shooting Point, L.L.C. v. Cumming, 238 F. Supp. 2d 729, 738 (E.D. Va. 2002), aff'd, 368 F.3d 379 (4th Cir. 2004).

"Whether a plaintiff has a protectable property interest under the Due Process Clause turns upon the plaintiff's property rights under state law." Foreman v. Griffith, 81 F. App'x 432, 436 (4th Cir. 2003) (per curiam) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)); see also Echtenkamp v. Loudon Cnty. Pub. Sch., 263 F. Supp. 2d 1043, 1053 (E.D. Va. 2003) (quoting Huang v. Board of Governors, 902 F.2d 1134, 1141 (4th Cir.1990) (additional citation omitted) ("To have a protected property interest, an individual 'must be entitled to a benefit created and defined by a source independent of the Constitution, such as state law.'") Here, Ellinger has alleged that his membership in the Fire Department could be terminated only for good cause. Furthermore, at this stage of the proceedings, defendants do not contest Ellinger's status as a public employee. "[A]s a public employee who could only be terminated for good cause, [Ellinger] had an established property interest in [his] continued employment." Wagner v. Gibson, No. CIV. WDQ-12-3581, 2013 WL 4775380, at *9 (D. Md. Sept. 4, 2013) (citing Prince v. Bridges, 537 F.2d 1269, 1271 (4th Cir. 1976)); see also Brookshire v. Buncombe Cnty., N.C., No. 1:10CV278, 2012 WL 136899, at *4 (W.D.N.C. Jan. 18, 2012) (citing Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 167, 174 (4th Cir. 1988); Royster v. Bd. of Trustees of Anderson Cnty. Sch. Dist. No. Five, 774 F.2d 618, 620-21 (4th Cir. 1985)) ("As the Fourth Circuit has explained, a public employee like Plaintiff has a property interest in his continued employment where his employment can only be terminated for cause.").

"The essential requirements of due process entitle a public employee to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to

present his side of the story." Garraghty v. Com. of Va., Dep't of Corr., 52 F.3d 1274, 1283 n.7 (4th Cir. 1995) (internal quotation marks and alteration omitted) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)). Here, the complaint fails to allege that Ellinger was denied such process when he made his decision to resign his position as Treasurer. "[W]here an employee voluntarily resigns and, thus, relinquishes his property right to continued employment, the employee cannot establish that he was deprived of his property right within the meaning of the due process clause." Brookshire, 2012 WL 136899, at *4 (citations omitted).

It is true that the Fourth Circuit has recognized two circumstances in which a resignation may be involuntary and thus a "deprivation" of property: (1) where obtained by the employer's misrepresentation or deception, and (2) where forced by the employer's duress or coercion. Zepp v. Rehrmann, 79 F.3d 381, 386 (4th Cir. 1996) (discussing Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 167, 174 (4th Cir. 1988)). However, Ellinger has failed to allege sufficient facts to support a claim under either set of circumstances. First, a resignation is involuntary based on misrepresentation where "the resignation is induced by the employee's reasonable reliance on a misrepresentation by an employer of a material fact that concerns the resignation." Dubois v. Henderson Cnty. Bd. of Educ., No. 1:13-CV-00131-MR-DLH, 2014 WL 340475, at *6 (W.D.N.C. Jan. 30, 2014) (quoting Stone, 855 F.2d at 174). Ellinger has not alleged any misrepresentation on the part of the defendants resulting in or concerning his resignation.

Second, in determining whether an employee was forced to resign, courts consider "(1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of resignation." Id. (quoting Stone, 855 F.2d at 174). Ellinger has not alleged any facts suggestive of duress or coercion. Indeed, the complaint simply states that Ellinger "felt forced to resign his office

6

of Treasurer because of the inappropriate Board actions." Compl., Dkt. No. 1, at ¶ 23. Plainly, this allegation is legally insufficient. The facts as pled demonstrate nothing more than a resignation in protest based on the belief that the Board was acting improperly. As such, Ellinger has failed to state a claim of denial of procedural due process claim as to his position as Fire Department Treasurer, including the $300 compensation for his service as Treasurer.[1]

Ellinger claims he has been denied procedural due process as to his membership with the Fire Department because he has been suspended indefinitely without a hearing. See id. at ¶ 26 ("Despite numerous opportunities to have a vote on [Ellinger's] membership status, the Department has just continued [his] suspension indefinitely."). Defendants maintain, however, that "[e]ven though no hearing was provided, none was required" because Ellinger's membership in the Fire Department was a de minimis property interest. Mem. in Supp. re Mot. to Dismiss for Failure to State a Claim, Dkt. No. 6, at 5. "The Supreme Court has specified . . . that the requirements of due process do not apply when the alleged property interest involved is 'de minimis.'" Bailey v. City of Chesapeake, No. 2:13CV333, 2013 WL 6145718, at *4 (E.D. Va. Nov. 20, 2013) (citing Gross v. Lopez, 419 U.S. 565, 576 (1975); Sardin v. Conner, 515 U.S. 472, 499 (1995)). As presently pleaded, Ellinger's complaint does not contain facts to establish more than a de minimis property interest. The only benefits Ellinger alleges he receives as an (active) member are an unspecified tax exemption provided to volunteer firepersons, "a car decal," the use of Fire Department facilities, and other vaguely referenced "similar related benefits." Compl., Dkt. No. 1, at ¶ 42. "In Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir.1993), the Third Circuit determined that Versarge had no property interest in his position as an unpaid volunteer firefighter because the alleged

---

[1] The court also notes that while the complaint alleges that members cannot be removed without good cause, it is silent as to the standard applicable to the removal of officers.

7

benefits he received – training, worker's compensation, and access to the firehouse – were de minimis." Bailey, 2013 WL 6145718, at *4.

Here, Ellinger has not pled sufficient facts to state a property interest any greater than what the Third Circuit found in Versarge to be de minimis. As such, it fails to state a claim and will be dismissed. In particular, the complaint contains no factual information about the nature of the tax exemption or the amount of money Ellinger accrued or expected to accrue from the exemption. At oral argument, plaintiffs' counsel represented that the exemption concerns personal property tax, which, depending on the value of the vehicles owned, could be substantial. The court therefore will grant Ellinger leave to amend his procedural due process claim to state with particularity the tax benefit Ellinger asserts he has been denied and the amount of money it represents.

**B. Ultra Vires**

Under Virginia law, a corporation's power to act may be challenged on the ground that the corporation lacks the power to act only in the manner set forth in Va. Code Ann. § 13.1-828(B). See Va. Code Ann. § 13.1-828(A) ("Except as provided in subsection B, corporate action may not be challenged on the ground that the corporation lacks or lacked power to act."). One permissible method is "in a proceeding by a member or a director against the corporation to enjoin the act." Id. § 13.1-828(B)(1).[2] Here, the complaint makes clear that Charles is no longer a member of the Fire Department. Compl., Dkt. No. 1, at ¶ 8 ("Charles . . . was removed as a member on June 6, 2013."). Thus, Charles has not only failed to allege that he is a member, an essential element of an ultra vires claim, but has affirmatively pled facts to the contrary. Accordingly, he has failed to state a claim as to Count II.

---

[2] The other subprovisions of § 13.1-828(B) are inapplicable to the facts of this case.

In contrast, the complaint clearly alleges that Ellinger remains a member – albeit a suspended member – of the non-stock corporation Fire Department. See Compl., Dkt. No. 1, at ¶ 46 n.2 ("[Ellinger] is still a Member."). Ellinger further alleges, with some specificity, that the Fire Department has acted inconsistently with its governing documents. See Compl., Dkt. No. 1, at ¶ 45a-f (alleging six different specific examples). As such, Ellinger has adequately pled an ultra vires claim.

While defendants concede that Ellinger has stated a claim, they argue that the statute permits only injunctive relief and that therefore the "claims for compensatory damages, attorney's fees, expert fees, costs, interest, and other [non-injunctive] relief" in Count II should be dismissed. Mem. in Supp. re Mot. to Dismiss for Failure to State a Claim, Dkt. No. 6, at 7-8. While defendants may ultimately be correct regarding the nature of the relief afforded by the statute, such a question is not properly raised on a Rule 12(b)(6) motion.

"A plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." Janis v. Nelson, No. CR. 09-5019-KES, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted); Fed. R. Civ. P. 12(b)(6) (permitting party to raise the defense of "failure to state a claim upon which relief can be granted" by motion). "[A] demand for relief is not part of a plaintiff's statement of the claim." Alexander v. Se. Wholesale Corp., No. 2:13CV213, 2013 WL 5673311, at *8 n.7 (E.D. Va. Oct. 17, 2013) (citing Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)). As such, the nature of the relief included in the demand for judgment is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted. See Int'l Fid. Ins. Co. v. Mahogany, Inc., No. CIV. JKB-11-1708, 2011 WL 3055251, at *2 n.1 (D. Md. June 25, 2011) (citing Charles Alan Wright, et al., 5 Federal Practice And Procedure § 1255 (3rd ed.1993)). "A court therefore should not dismiss a complaint so long as it sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to *any* relief the court can grant, even if

9

that relief is not specifically requested." Id. (emphasis added) (citing Bontkowski, 305 F.3d at 762). "Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he has not demanded such relief in his pleadings." Bontkowski, 305 F.3d at 762; Fed. R. Civ. P. 54(c). "Thus, the selection of an improper remedy in the . . . demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108 (8th Cir. 2011) (collecting authorities).

Accordingly, even assuming defendants are correct that Ellinger is limited exclusively to injunctive relief for his claim in Count II, there is no basis for the court to address the nature of the appropriate relief at this stage of the proceeding. Ellinger has pled his claim with sufficient factual specificity to show that, if his allegations are true, he is entitled to some form of relief. A plaintiff need do no more to survive a motion to dismiss. Cf. W.L. Gore & Associates, Inc. v. Medtronic, Inc., 778 F. Supp. 2d 667, 673 (E.D. Va. 2011) ("[T]he Agreement between the parties may ultimately limit the amount of damages that Plaintiffs may recover if successful, such a limitation does not mean that the Plaintiffs have 'fail[ed] to state a claim upon which relief can be granted' as contemplated by Rule 12(b)(6) of the Federal Rules of Civil Procedure."). The court will therefore deny the defendants' motion as to Ellinger's claim in Count II, recognizing that it may be taken up at the summary judgment stage.

**C. Defamation**

"To state a claim for defamation under Virginia law, the plaintiffs must show that the defendants (1) published (2) an actionable statement with (3) the requisite intent." AvePoint, Inc. v. Power Tools, Inc., No. 7:13CV00035, 2013 WL 5963034, at *4 (W.D. Va. Nov. 7, 2013) (internal footnote omitted) (citing Chapin v. Knight–Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993)). An actionable statement must not only be false, but also defamatory, i.e., it must tend to "'harm the

10

reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" Id. (quoting Chapin, 993 F.2d at 1092). "Furthermore, 'speech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person[,] cannot form the basis of a common law defamation action.'" Echtenkamp v. Loudon Cnty. Pub. Sch., 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003) (quoting Yeagle v. Collegiate Times, 255 Va. 293, 295, 497 S.E.2d 136, 137 (1998)).

Ellinger has alleged that Santmyers sent a letter to his employer stating that Ellinger "sent a 'false document' to wrongfully receive free paint for his own benefit," a statement which Ellinger claims is untrue. Compl., Dkt. No. 1, at ¶ 53. The statement regarding the paint provides sufficient factual matter to state a plausible claim for per se defamation.[3] Under Virginia law, "words that impute to a person the commission of a crime of moral turpitude . . . are actionable as defamation per se." Besen v. Parents & Friends of Ex-Gays, Inc., No. 3:12CV204-HEH, 2012 WL 1440183, at *3 (E.D. Va. Apr. 25, 2012) (citing Tronfeld v. Nationwide Mut. Ins. Co., 272 Va. 709, 713, 636 S.E.2d 447, 449-50 (2006)). An allegation that Ellinger acquired free paint for his own benefit through sending a false document clearly imputes a crime of moral turpitude, namely larceny by false pretenses. See Va. Code Ann. § 18.2-178.

Defendants nevertheless assert that Ellinger's defamation claim should be dismiss because Virginia law provides a qualified privilege to communications between persons on a subject in which the persons have an interest or duty. See Larimore v. Blaylock, 259 Va. 568, 572, 528 S.E.2d 119,

---

[3] The parties argued at length in both their pleadings and at oral argument about whether another allegedly false statement made by Santmyers, one regarding the grade of oil Ellinger used in maintaining the Department's trucks, could support a claim for either per se or common-law defamation under Virginia law. The complaint only contains one count of defamation. Thus, because Ellinger has alleged the statement regarding the paint, any question as to the sufficiency of the statement regarding the oil is immaterial for purposes of the motion to dismiss.

11

121 (2000) (noting this qualified privilege).[4]  Even assuming, however, the qualified privilege applies, Ellinger has pled sufficient facts to survive a motion to dismiss.  "A qualified privilege is lost if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common-law malice."  Smalls v. Wright, 241 Va. 52, 55, 399 S.E.2d 805, 808 (1991) (citing Great Coastal Express, Inc. v. Ellington, 230 Va. 142, 153, 334 S.E.2d 846, 853 (1985), overruled on other grounds by Cashion v. Smith, 286 Va. 327, 338, 749 S.E.2d 526, 532 (2013)).  Common law malice can be established in a number of ways, including where "the statements were made with knowledge that they were false."  Cashion v. Smith, 286 Va. 327, 339, 749 S.E.2d 526, 533 (2013) (citing Raytheon Technical Servs. Co. v. Hyland, 273 Va. 292, 301, 641 S.E.2d 84, 89-90 (2007)); see also Ortiz v. Panera Bread Co., No. 1:10CV1424, 2011 WL 3353432, at *5 (E.D. Va. Aug. 2, 2011) (citation omitted) (same).  Here, Ellinger has alleged that the issue of his acquisition of free paint under false pretenses was raised in 2012, that the matter was investigated, and that it was established that "the paint was sought by another owner of the fire truck and was for the benefit of the Department."  Compl., Dkt. No. 1, at ¶ 53.  Ellinger further asserts that Santmyers knew the outcome of the investigation when he sent the letter to the Sheriff.  Id.  Thus, Ellinger has alleged Santmyers made the statement knowing it was false and has provided specific facts to support that assertion.  As such, Ellinger has pled sufficient facts that, if true, state a plausible claim for relief even if Santmyers' statement is initially subject to a qualified privilege.

Finally, defendants assert that the court should dismiss the request for punitive damages in Count III.  As an initial matter, "punitive damages is not a 'cause of action' subject to dismissal

---

[4] The parties have used the term "qualified immunity" in their pleadings.  Although the Fourth Circuit has employed this language to describe the qualified privilege, see Merlo v. United Way of Am., 43 F.3d 96, 103 (4th Cir. 1994) (referring to "the defense of 'qualified immunity' to [a] claim of defamation"), the court employs the more frequently utilized term "qualified privilege" because qualified immunity is often an immunity from suit, not merely from liability.  The qualified privilege provided by Virginia law does not encompass immunity from suit.

12

under Rule 12(b)(6)." Rathbone v. Haywood Cnty., No. 1:08CV117, 2008 WL 2789770, at *1 (W.D.N.C. July 17, 2008). As the court noted in denying dismissal of Ellinger's claims for non-injunctive relief in Count II, "[a] plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." Janis v. Nelson, No. CR. 09-5019-KES, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted); Fed. R. Civ. P. 12(b)(6) (permitting party to raise the defense of "failure to state a claim upon which relief can be granted" by motion). Because "a demand for relief is not part of a plaintiff's statement of the claim," Alexander v. Se. Wholesale Corp., No. 2:13CV213, 2013 WL 5673311, at *8 n.7 (E.D. Va. Oct. 17, 2013) (citing Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)), the nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted. See Int'l Fid. Ins. Co. v. Mahogany, Inc., No. CIV. JKB-11-1708, 2011 WL 3055251, at *2 n.1 (D. Md. June 25, 2011) (citing Charles Alan Wright, et al., 5 Federal Practice And Procedure § 1255 (3rd ed. 1993)).

"[Rule] 54 underscores the impropriety of dismissing requests for punitive damages under [Rule] 12(b)(6)." Oppenheimer v. Sw. Airlines Co., No. 13-CV-260-IEG BGS, 2013 WL 3149483, at *4 n.1 (S.D. Cal. June 17, 2013). Because Rule 54(c) directs courts to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," it "makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint." Id. at *4 n.1 (citations omitted); Fed. R. Civ. P. 54(c). Thus, defendants' motion to dismiss Ellinger's claim for punitive damages is premature.

Even if it was proper to address punitive damages at the motion to dismiss stage, the Virginia Supreme Court has identified a finding that defendant made a defamatory statement knowing it was false sufficient to overcome the qualified privilege as "virtually identical" to the

13

finding required for the imposition of punitive damages. Raytheon Technical Servs, 273 Va. at 300-01, 641 S.E.2d at 89. Thus, because Ellinger has alleged with sufficient particularly that Santmyers made the statement regarding the paint knowing it to be false, the complaint supports a request for punitive damages.

**IV.**

Ellinger has not pled sufficient facts to state a more than de minimis protected property interest. His procedural due process claim in Count I shall be dismissed with leave to file an amended complaint within fourteen (14) days. Additionally, Charles is not a member of the Fire Department, and, as such, cannot bring an ultra vires claim under Va. Code Ann. § 13.1-828(B). Charles' claim in Count II shall therefore be dismissed. Ellinger, however, has pled sufficient facts that, if accepted as true, state a claim to relief that is plausible on its face as to Counts II & III. Furthermore, defendants' attempt to curtail the relief available for Counts II & III is premature and may be addressed at summary judgment. Accordingly, the remainder of motion shall be denied. An appropriate Order will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: May 13, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge