# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| PHILIP A. CHARLES, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 5:13cv00120 |
| ) | |
| v. ) | |
| ) | |
| FRONT ROYAL VOLUNTEER FIRE AND ) | By: Hon. Michael F. Urbanski |
| RESCUE DEPARTMENT, INC., et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending before the court are Defendants Front Royal Volunteer Fire and Rescue Department, Inc. ("the Fire Department") and David Santmeyers' ("Santmeyers") motion to dismiss Count I(B) of the amended complaint, Dkt. No. 34, and motion for summary judgment, Dkt. No. 45. The matter has been fully briefed, and the court is prepared to rule. For the reasons that follow, the court will deny defendants' motion for summary judgment and motion to dismiss count I(B) of the amended complaint.

## I.

Plaintiffs, Philip A. Charles ("Charles") and David M. Ellinger ("Ellinger"), allege that the Fire Department is a Virginia non-stock corporation organized in the Commonwealth of Virginia and a state actor. Santmyers is the President of the Fire Department. Charles was a member of the Fire Department and also served as the Secretary of the Corporation. Ellinger is a member of the Fire Department and also served as Treasurer. Am. Compl., Dkt. No. 31, at 2.

Plaintiffs grew concerned about reductions in Fire Department resources and particularly with a "Cost-Recovery Program" designed to allow Warren County to recover funds for use of Fire

Department resources. Under that program, the Fire Department was entitled to a share of those funds, and plaintiffs noticed that the Fire Department received less money from the county each year. Id. at 4. When plaintiffs raised these concerns, they faced "staunch resistance" from some other Board members, including Santmyers. "Due to the harsh reaction of the Board and the President, [Charles] resigned from his secretary position during the summer of 2012." Id. In March of 2013, Charles invited a local newspaper reporter to attend a public meeting of the Fire Department during which board members discussed the Department's funding and resources. Charles and Ellinger also approached a member of the Front Royal Town Council about the Department's funding and resource issues. Additionally, Charles, with Ellinger's assistance, sent a Freedom of Information Act ("FOIA") request to Warren County seeking information related to the Cost Recovery Program.

Plaintiffs allege that, in response to these actions, the Fire Department and Santmyers removed Charles as a member. Ellinger sent a letter to the Board on June 18, 2013, outlining his opposition to Charles' removal and resigned as Treasurer. Plaintiffs further allege that, in response to that letter, the Fire Department suspended Ellinger from membership for sixty days. Moreover, plaintiffs allege that the Fire Department has simply "continued the suspension indefinitely" despite "numerous opportunities to have a vote on [Ellinger's] membership status." Id. at 5.

In Count I(A) of the amended complaint, plaintiffs claim the Fire Department's retaliatory actions—stripping Charles of his membership and "indefinitely" suspending Ellinger—violated their First Amendment right to free speech because the Fire Department is a state actor, the plaintiffs were speaking on issues of "public importance", and the retaliation was "directly and proximately related to the exercise of the [p]laintiffs' right to free speech." Id. at 6.

Count I(B) alleges that Ellinger's "indefinite suspension" amounts to a due process violation because Ellinger has a property interest in the benefits he receives as a member of the Fire

2

Department. Members of the Fire Department receive personal property tax relief from Warren County, personal property tax relief from the Town of Front Royal, a "locality vehicle decal" at no charge, use of the Fire Department's "facilities for washing and maintaining . . . personal vehicles" and free use of the fire hall for events. Id. at 8. Specifically, Ellinger alleges that he has lost an average benefit of $268.00 from the Warren County tax relief, an average benefit of $31.00 from the Town of Front Royal tax relief, and $25.00 per year for his locality vehicle decal. Ellinger also alleges he has lost an estimated $120.00 benefit because he can no longer use the Fire Department's facilities for washing and maintaining his vehicle and a $1200.00 benefit because he can no longer use the Fire Hall that he claims he used for events once every three years. Id.

### III.

#### A.

Pursuant to Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and

establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'" McAirlaids, Inc. v. Kimberly-Clark Corp., No. 13-2044, 2014 WL 2871492, at *1 (4th Cir. June 25, 2014) (internal alteration omitted) (citing Tolan v. Cotton, 134 S Ct. 1861, 1863 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Anderson, 477 U.S. at 255. However, the non-moving party "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). Instead, the non-moving party must show that "there is sufficient evidence favoring the non[-]moving party for a jury to return a verdict for that party." Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (quoting Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the Court must determine that no reasonable jury could find for the non[-]moving party on the evidence before it." Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993) (citing Perini Corp. v. Perini Const., Inc., 915 F.2d 121, 124 (4th Cir. 1990)).

## B.

### 1.

Because the Fire Department fails to show there are no genuine issues of material fact, summary judgment is not proper. Whether the Fire Department is a state actor is a question of law that requires resolution of issues of fact. Adams v. Bain, 697 F.2d 1213, 1217-19 (4th Cir. 1982); see

4

also Goldstein v. Chestnut Ridge Vol. Fire Co., 218 F.3d 337, 344 (4th Cir. 2000). The court must consider "all the relevant circumstances, in an attempt t o evaluate 'the degree of the Government's participation in the private party's activities.'" Goldstein, 218 F.3d at 342 (quoting Skinner v. Ry. Labor Execs. Assoc., 489 U.S. 602, 614 (1989)). In the Fourth Circuit, courts consider the totality of several factors including

> (1) whether the injury caused is aggravated in a unique way by the incidents of governmental authority; (2) the extent and nature of public assistance and public benefits accorded the private entity; (3) the extent and nature of governmental regulation over the institution; and (4) . . . whether the state itself regards the actor as a state actor.

Id. at 343 (internal quotations and citations omitted).

It is undisputed that the Fire Department is a corporation operating under its own bylaws and owns its land, building and firefighting equipment and vehicles, but those factors are not dispositive. See Goldstein, 218 F.3d at 343. The competing affidavits and deposition testimony produced thus far contradict each other as to the historical and current degree of governmental control over the Department, the Department's funding, and the hierarchy within the Department. For instance, defendants' evidence suggests firefighting in Warren County was traditionally performed by private firefighting companies. Defs.' Mem. Supp. Summ. J., Dkt. No. 46, at 2-3, 11; Kisner Affidavit, Dkt. No. 46-11, at 1. But according to plaintiffs' evidence, the Town of Front Royal operated the Fire Department before Warren County assumed control in 1998. Pls.' Mem. Supp. Summ. J., Dkt. No. 51, at 2, 9; McIntosh Affidavit, Dkt. No. 51-1, at 1; Ellinger Affidavit, Dkt. No. 51-2, at 1. Defendants claim that the majority of the Fire Department's funding comes through fundraisers. Dkt. No. 46-11, at 2. Plaintiffs assert the Department receives at least half of its funding from the County or Town. Dkt. No. 51-2, at 2. Defendants deny the county appointed Fire Chief has any control over the Fire Department, but the plaintiffs cite provisions of the Warren County Code in support of the County's regulation of the Department. Compare Defs.' Mem.

5

Supp. Summ. J., Dkt. No. 46, at 10, with Pls.' Mem. Supp. Summ. J., Dkt. No. 51, at 3, 10-11. These contradictions are only a sample of the many unresolved factual issues necessary to complete the state action analysis. In light of these contradictions, the court must wait until it hears the evidence at trial to decide the state action issue.

2.

The Due Process Clause encompasses "a guarantee of fair procedure," Zinermon v. Burch, 494 U.S. 113, 125 (1990), referred to as procedural due process rights. See, e.g., Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1460 (4th Cir. 1990) (noting the procedural due process rights guaranteed under the Fourteenth Amendment). To state a claim for a violation of procedural due process as to a protected property interest, as Ellinger purports to do here, a plaintiff must demonstrate: (1) that he has a valid property interest; (2) of which the state deprived him; (3) without due process of law. Shooting Point, L.L.C. v. Cumming, 238 F. Supp. 2d 729, 738 (E.D. Va. 2002), aff'd, 368 F.3d 379 (4th Cir. 2004). Due process requirements do not apply, however, "when the alleged property interest involved is 'de minimis.'" Bailey v. City of Chesapeake, No. 2:13CV333, 2013 WL 6145718, at *4 (E.D. Va. Nov. 20, 2013) (citing Gross v. Lopez, 419 U.S. 565, 576 (1975); Sardin v. Conner, 515 U.S. 472, 499 (1995)). But the interest is not de minimis if the plaintiff can show "some form of proveable pecuniary harm." Omosegbon v. Wells, 335 F.3d 668, 674 (7th Cir. 2003).

The court is not convinced Ellinger's alleged property interest in personal property tax relief, a vehicle decal, and use of the Fire Department's facilities is de minimis. Ellinger alleges an average loss of $324.00 per year in the form of tax relief and a free vehicle decal, $120.00 per year for no longer being able to wash his vehicle at the Fire Department, and $1200.00 for his inability to rent the Fire Department's space for free. In Versage v. Township of Clinton N.J., the Third Circuit Court of Appeals rejected a plaintiff's claimed property interest in "(1) training; (2) workers'

compensation; and (3) access to the firehouse as a social area" because "the utility and value of each of [those] suspended benefits [was] inextricably tied" to that plaintiff's position as a firefighter. 984 F.2d 1359, 1370 (3d Cir. 1993); see also Brennan v. Kulick, No. 01-3837, 2006 WL 2065047, at *4 (D.N.J. July 24, 2006) ($300 reimbursement for clothing used as volunteer firefighter was "'inextricably tied to the position'"). The financial relief here, however, is not "inextricably tied" to the firefighter's position like training and workers' compensation benefits. Indeed, tax relief in any form tends to be a benefit desired by all citizens. Therefore, the more than $300 in yearly tax relief is not de minimis. Cf. Garraghty v. Jordan, 830 F.2d 1295, 1299 (4th Cir. 1987) (prison warden's five-day suspension without pay not de minimis); Boals v. Gray, 775 F.2d 686, 697 (6th Cir. 1985) (Wellford, J., concurring) (five day suspension resulting in $195.53 in lost wages not de minimis); but see Gillard v. Norris, 857 F.2d 1095, 1098 (6th Cir. 1988) (per curium) (correctional officer's three-day suspension without pay was de minimis).

## IV.

For the reasons stated above, the defendants' motion to dismiss Count I(B) and motion for summary judgment are **DENIED**. An appropriate order will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: September 18, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge