IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PHILIP A. CHARLES, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FRONT ROYAL VOLUNTEER FIRE AND )<br>RESCUE DEPARTMENT, INC., et al., )<br>)<br>)<br>Defendants. ) | Civil Action No.: 5:13cv00120<br><br><br><br>By: Hon. Michael F. Urbanski<br>    United States District Judge |

## MEMORANDUM OPINION

Pending before the court are post-trial motions for judgment as a matter of law as to Count II of the amended complaint, Dkt. Nos. 86 & 87, and defendants' bill of costs, Dkt. No. 85. Following a jury trial, the defendants, Front Royal Volunteer Fire and Rescue Department, Inc. ("the Fire Department") and David Santmyers ("Santmyers"), prevailed as to Counts I and III of the plaintiffs' amended complaint. After considering the applicable law, evidence presented at trial, and the parties' respective briefs, the court is now prepared to rule. For the reasons that follow, the court will enter judgment in favor of the defendants as to Count II.

I.

In Count II, plaintiffs, Philip A. Charles ("Charles") and David M. Ellinger ("Ellinger"), allege that the Fire Department, a Virginia non-stock corporation organized in the Commonwealth of Virginia, violated its bylaws in the removal of Charles from its membership and suspension of Ellinger. Plaintiffs claim these acts constitute ultra vires acts by the corporation and bring this cause

of action pursuant to Va. Code section 13.1-828.[1] Plaintiffs seek injunctive relief, damages suffered due to the alleged unauthorized acts, costs, and attorneys fees. The court dismissed Charles' claim under Count II in its May 13, 2014, Order, Dkt. No. 30, because Charles was not a member of the Fire Department and therefore lacked standing to bring a claim under Va. Code § 13.1-828.

The evidence related to Count II is as follows. Plaintiffs grew concerned about reductions in Fire Department resources and particularly with a "Cost-Recovery Program" designed to allow Warren County to recover funds for use of Fire Department resources. Under that program, the Fire Department was entitled to a share of those funds, and plaintiffs noticed that the Fire Department received less money from the county each year. When plaintiffs raised these concerns, they faced resistance from some other Board members, including Santmyers. As a result, Charles resigned from his position on the Board in the summer of 2012. In March of 2013, Charles invited a local newspaper reporter to attend a public meeting of the Fire Department during which board members discussed the Department's funding and resources. Charles and Ellinger also approached a member of the Front Royal Town Council about the Fire Department's funding and resource issues. Additionally, Charles, with Ellinger's assistance, sent a Freedom of Information Act ("FOIA") request to Warren County seeking information related to the Cost Recovery Program.

Subsequently, the membership voted by an overwhelming majority to remove Charles from its membership role. The Fire Department suspended Ellinger on May 24, 2013, and extended that suspension for sixty days after he failed to appear at the Board of Directors' meeting. The Fire Department extended the suspension for another nine days thereafter to coincide with the next membership meeting. No further action was taken as to Ellinger.

## II.

---

[1] The court had original jurisdiction over Count I of the amended complaint pursuant to 28 U.S.C. § 1331 and exercised supplemental jurisdiction over the state law claims asserted in Counts II and III pursuant to 28 U.S.C. section 1367.

At the close of the presentation of Plaintiffs' evidence, the Fire Department and Santmyers moved for judgment as a matter of law as to all of the claims pursuant to Federal Rule of Civil Procedure 50(a). The plaintiffs opposed, and the court took the motion under advisement. Defendants renewed the motion after presenting their case, and, again, the court took the motion under advisement. The court submitted Count I and III to the jury in the form of special interrogatories, and the jury returned verdicts in favor of the defendants on both counts. Finding Count II concerned a pure question of law and without objection by the parties, the court did not submit that count to the jury. After trial, Charles and Ellinger filed a motion for entry of judgment as to Count II, and the Fire Department and Santmeyers filed their opposition.

### A.

The standard for granting judgment as a matter of law pursuant to Rule 50(a) "'mirrors'" the standard for granting summary judgment "such that 'the inquiry under each is the same.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)); see also Fed. R. Civ. P. 50 advisory committee's note (1991) ("judgment as a matter of law" appears in both Rule 50 and Rule 56 to "call[ ] attention to the relationship between the two rules.") Thus, whether proceeding under Rule 56(a) or Rule 50(a), the court must "grant [the motion] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "all of the evidence in the record." Reeves, 530 U.S. at 150.

### B.

Under Virginia law, as set forth in Va. Code § 13.1-828(B), a corporate act may be challenged on the ground that the corporation lacked the power or authority to do the act. See Va.

3

Code § 13.1-828(A) ("Except as provided in subsection B, corporate action may not be challenged on the ground that the corporation lacks or lacked power to act."). One permissible method is "in a proceeding by a member or a director against the corporation to enjoin the act." Va. Code § 13.1-828(B)(1).[2] In the context of corporate acts, Virginia law distinguishes between those acts which are void and those which are merely voidable. In order to be ultra vires the act must be void, or in other words, the corporation must have lacked the power to do the challenged act altogether. See Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, 266 Va. 455, 467, 587 S.E. 2d 701, 708 (2003). Where a corporation has the power to do a particular act but fails to properly to do it, the act is voidable, not void. Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate Trust, 243 Va. 53, 61, 413 S.E.2d 599, 604 (1992).

Kappa Sigma involved a dispute between the national chapter of that fraternity and a foundation set up to hold a piece of property used as the fraternity's headquarters. Kappa Sigma, 266 Va. at 459-61. The foundation was a non-stock corporation. Id. at 459. The fraternity sought declaratory relief invalidating the foundation's 1974 amendments to its articles of incorporation because the foundation failed to have those amendments ratified by the fraternity's members. Id. at 462-63. The Supreme Court of Virginia agreed that the foundation failed to have the amendments ratified, but "because adoption of the 1974 amendments was within the Foundation's power conferred by statute, the Board's approval of those amendments was a voidable, rather than a void act of the corporation." Id. at 466. Likewise, in Princess Anne the Virginia Supreme Court decided a non-stock corporation's execution of a deed was not void, but voidable, where the president of the corporation executed the deed without the board and members' vote of approval. Princess Anne, 243 Va. at 60-61. The act was not void because the Virginia Code conferred upon the corporation the power to sell its property and assets. Id. at 61.

---

[2] The other subdivisions of § 13.1-828(B) are inapplicable to the facts of this case.

4

## C.

Ellinger challenges his suspension and Charles' removal from the membership as <u>ultra</u> <u>vires</u> acts of the Fire Department. Because the Fire Department's bylaws gave it the power to suspend and remove its members, even if the Fire Department did not strictly follow the procedures for removing Charles and suspending Ellinger, those actions were merely voidable and not <u>ultra</u> <u>vires</u>.

Virginia Code § 13.1-823 confers power on "the incorporators or board of directors of a corporation" to adopt bylaws which "may contain any provision . . . not inconsistent with law or the articles of incorporation." According to the Fire Department's Bylaws,[3] the Board of Directors may remove any member upon receipt of a petition with ten or more members' signatures and after a three-fourths vote in favor of removal at the next full membership meeting. 2006 Bylaws, Dkt. No. 1-3, at *4. The Bylaws also give the President of the Fire Department the authority to suspend a member for up to thirty days or until the next regularly scheduled Board of Directors' meeting. <u>Id.</u> at *16. The Board has the authority to determine a penalty as to any charges against a member including "expulsion, suspension, reprimand, or work duty . . . ." <u>Id.</u> Any recommended penalty must be by majority vote, and if expulsion is the recommended penalty, it must be approved by a majority of the membership at the next scheduled membership meeting. <u>Id.</u>

There is no dispute that the Fire Department has the authority to remove members pursuant to Bylaw #1, Section 3, Paragraph 7, and that the President and the Board of Directors have the authority to suspend members pursuant to Bylaw #6, Sections 7 & 9. 2006 Bylaws, Dkt. No. 1-3 at *4, *16. It is within the Fire Department's "lawful scope" of power to remove and suspend members, and even if it failed to do so properly, the act is merely voidable and not void. <u>See</u> <u>Kappa</u>

---

[3] The parties have submitted two iterations of the Fire Department's Bylaws during the course of this litigation. The complaint included the 2006 version of the Bylaws, Dkt. No. 1-3, and the plaintiffs relied on that version at trial, Dkt. No. 72, Ex. 59. The defendants, however, submitted the 2010 version of the Bylaws in support of their motion for summary judgment, Dkt. No. 46-6, but did not enter the 2010 version into evidence at trial. Finding no difference in the applicable sections between the 2006 and 2010 versions of the Bylaws and because both parties cite to the 2006 version in their Rule 54 motions, the court will cite to the 2006 Bylaws filed at Dkt. No. 1-3.

Sigma, 266 Va. at 467; Princess Anne, 243 Va. at 61. Thus, the Fire Department's removal of Charles and suspension of Ellinger were not ultra vires acts of the corporation, and defendants are entitled to judgment as a matter of law as to Count II.

**D.**

Defendants filed a bill of costs to be taxed against plaintiffs pursuant to Federal Rule of Civil Procedure 54(d)(1). Dkt. No. 85. Rule 54 permits the awarding of costs to the prevailing party unless a statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Defendants request fees for service of summons and subpoenas, transcripts, printing, witnesses, and audio file preparation for use at trial. Defendants attached invoices itemizing and documenting all of these costs. The total amount requested is $3,092.69. Plaintiffs did not object to the amount requested.

There is a presumption that costs should be awarded to the prevailing party, and costs may be denied "only when there would be an element of injustice in a presumptive cost award." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 355 n.14 (1981)). It is within the court's discretion to deny an award of costs, but it should only do so when "good reason" exists. Id. (internal quotations omitted). Notably, a "party's good faith [in bringing a suit], standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)). A court may deny an award of costs based on "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton, LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (unpublished per curiam decision) (citing Cherry, 186 F.3d at 446.))

The court finds no reason to deny defendants' motion for costs. Plaintiffs raised no objections to the bill of costs filed by defendants. There has been no misconduct by defendants

6

during the course of this litigation, plaintiffs have not alleged their inability to pay, and the costs are not excessive. Therefore, as the defendants prevailed as to all three claims, plaintiffs have not noted any objections to the bill of costs, and finding no "good reason" to deny costs, the court will order the clerk to tax costs in the amount of $3,092.69 against the plaintiffs.

**Conclusion**

In order for a corporate act to be <u>ultra vires</u> the corporation must lack the power to do the act altogether. The Fire Department had the power to remove and suspend members according to its bylaws. Therefore, even if the Fire Department did not follow its procedures properly in removing Charles or suspending Ellinger, those acts are merely voidable, and not <u>ultra vires</u>. As such, the Fire Department is entitled to judgment as a matter of law as to Count II. Accordingly, the court will grant defendants' request for costs pursuant to Rule 54(d)(1).

Given the verdict of the jury on Counts I and III, and the court's ruling on Count II, this case is dismissed and stricken from the docket of the court. A corresponding order consistent with this Memorandum Opinion will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: December 19, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

7

Case 5:13-cv-00120-MFU-JGW   Document 88   Filed 12/19/14   Page 7 of 7   Pageid#: 1885